# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# SOUTHEASTERN DIVISION

| | |
|---|---|
| PAULA LONG, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 1:13-CV-130 SNLJ |
| ) | |
| OAKLEY FERTILIZER, INC., et al., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM

This action was previously pending in the Circuit Court of Mississippi County, Missouri. Plaintiff seeks damages for the death of her son, Nicholas McCormick, who died when he fell from a collapsing catwalk on the premises of Oakley Missouri, Inc. on September 7, 2010. In her original state court action, plaintiff named Oakley Missouri, Inc. and others as defendants. However, Oakley Missouri was dismissed without prejudice by the state court because the decedent was alleged to have been employed by Oakley Missouri as a longshoreman and therefore the matter was exclusively within the federal jurisdiction of the Longshore and Harbor Workers' Compensation Act, 33 U.S.C. § 901, et seq. ("LHWCA").

Plaintiff later named Oakley Fertilizer, Inc., Bruce Oakley, Inc., Edward "Bubba" Vance, and Agrico Sales, Inc. as defendants and abandoned claims against other defendants. Defendants Oakley Fertilizer and Bruce Oakley (with consent of defendants Vance and Agrico Sales) removed this matter to federal court citing both diversity and federal question jurisdiction (#1). Plaintiff is a Missouri citizen, and defendants are each citizens of Arkansas or Texas, thus the diversity of citizenship requirements of 28 U.S.C. § 1332(a) have been met. Further, defendants

contend that this Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331 because they assert a federal statute, the LHWCA, provides exclusive jurisdiction.

Plaintiff responded to the removal of this matter by moving to amend her complaint and moving to remand. Specifically, plaintiff seeks to re-name Oakley Missouri as a party because she says she has learned through discovery that Oakley Missouri was not, in fact, the decedent's employer. Plaintiff asserts that, as a result, Oakley Missouri was not decedent's employer within the meaning of the LHWCA and that the LHWCA is not the sole source of remedy against Oakley Missouri. Thus, plaintiff asserts that it is proper to reinstate her claims against Oakley Missouri, and she seeks leave to amend her complaint to add Oakley Missouri. (#24.) In addition, plaintiff moves to remand this matter to state court because Oakley Missouri destroys the complete diversity of citizenship of the parties. (#25.)

Defendants respond that plaintiff should not be permitted to join Oakley Missouri to this action and that, even if Oakley Missouri is joined, that the Court should retain jurisdiction.

**I.      Motion to Amend Complaint**

Federal Rule of Civil Procedure 15(a) provides that leave to amend a pleading "shall be freely given with justice so requires." Fed. R. Civ. P. 15(a)(2). "However, there is no absolute right to amend." *Doe v. Cassel*, 403 F.3d 986, 990-91 (8th Cir. 2005). The following factors apply to the Court's consideration: (1) whether amendment would cause undue delay, (2) the presence of bad faith or dilatory motive, (3) whether there has been repeated failure to cure deficiencies by amendments previously allowed, (4) whether there would be undue prejudice to the non-moving party, and (5) whether the amendment would be futile. *Id.* However, "[d]elay

2

alone is not enough to deny a motion to amend; prejudice to the nonmovant must also be shown." *Bediako v. Stein Mart, Inc.*, 354 F.3d 835, 841 (8th Cir. 2004).

Special consideration should also be made when, as here, the plaintiff seeks to add a defendant which would destroy diversity. *See Bailey v. Bayer CropScience L.P.*, 563 F.3d 302, 307 (8th Cir. 2009). "If after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court." 28 U.S.C. § 1447(e). "Joinder would be required if the plaintiff satisfied Fed. R. Civ. P. 19 by showing that the new parties are necessary and indispensable to a full resolution of the case." *Bailey v. Bayer CropScience L.P.*, 563 F.3d 302, 308 (8th Cir. 2009). Plaintiff seems to acknowledge that Oakley Missouri is not indispensable. When the party to be joined is not necessary and indispensable, permissive joinder may be allowed under Federal Rule of Civil Procedure 20(a)(2), which states that a defendant "may be joined...if...any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of occurrences" and "any question of law or fact common to all defendants will arise in the action." Of course, here, Oakley Missouri was named as a defendant in the state action originally, and no one contests that joinder would be proper generally speaking. However, the procedural posture of this case gives rise to a host of other issues, starting with the fact that re-joining Oakley Missouri to this action would destroy this Court's diversity jurisdiction.

The Eighth Circuit instructs that, "[i]n this situation, justice requires that the district court consider a number of factors to balance the defendant's interests in maintaining the federal forum with the competing interests of not having parallel lawsuits." *Bailey*, 563 F.3d at 309

3

(quoting *Hensgens v. Deere & Co.*, 833 F.2d 1179, 1182 (5th Cir. 1987)). The balancing test entails weighing (1) the extent to which the joinder of the nondiverse party is sought to defeat federal jurisdiction, (2) whether the plaintiff has been dilatory in asking for amendment, and (3) whether the plaintiff will be significantly injured if amendment is not allowed. *Bailey*, 563 F.3d at 309.

As to the first factor, "if there is a reasonable basis in fact and law supporting the claim, the joinder is not fraudulent." *Filla v. Norfolk S. Ry. Co.*, 336 F.3d 806, 810 (8th Cir. 2003). Although defendants insist that plaintiff seeks to re-join Oakley Missouri only to defeat federal jurisdiction, plaintiff responds that she is merely remedying Oakley Missouri's improper dismissal from the original state action, which she says was made under factually incorrect representations of employment to the state court by Oakley Missouri. Plaintiff suggests that the defendants have delayed discovery in this matter in order to prevent the revelation of the decedent's actual employer. Further, she states that the Oakley entities intend to use the confusion over decedent's employer as a shield for all of them. Finally, plaintiff says that substantial evidence shows that Bruce Oakley, *not* Oakley Missouri, employed decedent. The evidence submitted by plaintiff includes documents related to plaintiff's hiring, including employment applications, W-4 tax forms, drug testing forms, and company policies. Each of those documents indicates Bruce Oakley, Inc. was decedent's employer. In addition, deposition testimony by decedent's supervisor suggests there was some confusion over who was decedent's employer. In addition, the supervisor stated that he was an employee of Bruce Oakley, Inc., and that he was paid by Bruce Oakley, Inc., and that the decedent was in the same situation. The supervisor testified that Oakley Missouri does not have a payroll. Thus plaintiff asserts that the

4

decedent was not employed by Oakley Missouri as it represented to the state court and that plaintiff therefor has a reasonable basis in pursuing a claim against Oakley Missouri for premises liability, as opposed to workers compensation.

Defendants essentially respond that the workers compensation settlement between decedent's father (who lived with decedent and declared himself a partial dependent on decedent) and Oakley Missouri is dispositive: that because Oakley Missouri settled the workers compensation matter for a $7,000 lump sum, Oakley Missouri is the "employer" and there is no question about it. Defendants state that Oakley Missouri's status as employer was effectively litigated in state court (both in this case and in the workers compensation claim), so plaintiff is precluded from relitigating that matter now. However, plaintiff argues that, with respect to the workers compensation matter, she was not a party to that action, and therefore she is not collaterally estopped from challenging that issue. Although plaintiff makes no specific argument pertaining to the effect of Oakley Missouri's earlier dismissal in this matter, the Court notes that

> Dismissal without prejudice usually is not an adjudication on the merits of the claim and does not affect the plaintiff's right to refile the action. Rule 67.01; *Mahoney v. Doerhoff Surgical Services*, 807 S.W.2d 503, 506 (Mo. banc 1991). In certain circumstances, however, a dismissal without prejudice may be considered a judgment on the merits of issues, such as jurisdiction, that are actually litigated and decided. *Healy v. Atchison, Topeka & Santa Fe Railroad*, 287 S.W.2d 813, 815 (Mo. 1956).

*Sexton v. Jenkins & Associates, Inc.*, 152 S.W.3d 270, 273 (Mo. 2004). None of the parties raises, much less discusses, those matters, however. In addition, plaintiff herself had alleged that Oakley Missouri was the decedent's employer in her original complaint, though she was not afforded discovery on who actually employed the decedent until well after the motion to dismiss based on the LWHCA was decided. Thus plaintiff may be able to proceed against Oakley

5

Missouri as a non-employer for premises liability relating to the decedent's death resulting from his fall from Oakley Missouri's catwalk.

The second factor for the Court's consideration is whether the plaintiff has been dilatory in asking for amendment. *Bailey*, 563 F.3d at 309. Defendants maintain that plaintiff was dilatory because plaintiff received the information in question on July 25 and August 6, 2013. Plaintiff moved to amend her complaint in state court on August 9, 2013 — the motion added the current defendants to the case — and that motion was granted on August 14, 2013. Defendants criticize plaintiff for not adding Oakley Missouri back to the complaint at that time.

Plaintiff responds that she did not add Oakley Missouri to the second amended complaint on August 9 because she was at that time more concerned about the statute of limitations deadline, which was to run against defendants Agrico Sales, Bruce Oakley, and Oakley Fertilizer on September 6, 2013. (The deadline did not apply to Oakley Missouri because it had been previously named as a defendant.) Plaintiff states that including Oakley Missouri in the second amended complaint would have complicated and jeopardized the motion when there was no time for delay. Agrico Sales, Bruce Oakley, and Oakley Fertilizer removed this case on September 12, 2013, and plaintiff moved to amend and remand on October 10, 2013, soon after her attorney was granted leave to appear *pro hac vice*. Defendants rely on another case in this District in which the plaintiff, soon after removal, moved to join a new party he said was his true employer. *See Brooks v. Kelly*, 4:11CV01510 AGF, 2011 WL 6009657 (E.D. Mo. Dec. 1, 2011). There, the Court denied the motion to amend and remand because the motions were filed shortly after removal *and* because the record established the originally-named defendant was plaintiff's employer. *Id.* at *3. Here, the plaintiff seeks to re-join Oakley Missouri, and she has ample

6

documentation suggesting the earlier dismissal based on Oakley Missouri's status as employer was inaccurate. The defendants have not submitted any evidence tending to show that Oakely Missouri was decedent's employer except vague, contradictory testimony and the now-questionable workers compensation settlement, to which plaintiff was not a party.

The third factor is whether the plaintiff will be significantly injured if amendment is not allowed. *See Bailey*, 563 F.3d at 309. Plaintiff states that, if forced to litigate against Oakley Missouri separately, she will have to litigate the same facts and legal issues twice, resulting in unnecessary expense. She argues that the defendants will blame each other, possibly resulting in conflicting outcomes and confusion. The Court notes that if indeed Oakley Missouri never should have been dismissed from the state court action because Oakley Missouri was not the decedent's true employer, then that matter must be remedied. The defendants have not sufficiently responded either in fact or law to the testimony and documents evidencing that Bruce Oakley, Inc., and not Oakley Missouri, was decedent's employer. Although this may be a close matter factually, this Court is not the proper forum for the dispute at hand. The Court concurs that plaintiff's injury would be significant if she is not permitted to re-join Oakley Missouri.[1]

## II. Motion to Remand

As discussed above, the defendants contend that this Court possesses both diversity and federal question jurisdiction over this matter. Having determined that plaintiff should be

---

[1] However, the Court notes that plaintiff's third amended complaint is inconsistent with the arguments in her memoranda. She states in her reply memorandum that Bruce Oakley, Inc. was decedent's employer. But in her proposed amended complaint, she states that decedent "was not an employee of Defendants Bruce Oakley, Inc., Oakley Missouri, Inc., or Oakley Fertilizer, Inc. at any relevant time herein." (#24-1 at ¶ 2.)

7

permitted to add a non-diverse defendant to her case, the Court must determine whether federal question jurisdiction in fact exists.

Defendants contend that the Court's federal question jurisdiction is based upon the LHWCA. In their Notice of Removal, defendants Bruce Oakley, Oakley Fertilizer, and Vance state simply that "the question of whether the LWCA applies to a work related injury is exclusively a federal question which Congress never intended a state court to resolve." (#1 at 5.) Setting aside for the moment whether such an issue actually exists here, the Court notes that federal question jurisdiction exists if "the federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). However in "the ordinary case, federal preemption is merely a defense to a plaintiff's state-law claim, and it does not alter the jurisdiction of the federal court." *Chapman v. Lab One*, 390 F.3d 620, 625 (8th Cir. 2004) (citing *Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58, 63 (1987)). Only where an area of state law has been "completely preempted" by federal law does the federal law provide a basis for removal of an action to federal court. *Chapman*, 390 F.3d at 625.

None of the parties fully address the LHWCA or how it provides this Court with subject matter jurisdiction over the instant controversy.[2] The defendants apparently would have the Court liken the LHWCA to such federal statutes as the Labor Management Relations Act of 1947 ("LMRA") and the Employee Retirement Security Act of 1974 ("ERISA"), for which "Congress intended for the federal courts to fashion a body of 'federal common law' that would

---

[2]Agrico Sales states in its memorandum that, for "further discussion" of the federal question matter, the Court should refer to briefing by Vance, Oakley Fertilizer, and Bruce Oakley. (#28 at 7.) However, the Court notes that those defendants do not discuss the LHWCA substantively except to cite to one inapposite Fourth Circuit case (*see* #1 at 5; *see also* #27 at 9). Plaintiff does not address the LHWCA at all.

govern disputes arising under the federal statutes." *Id.* at 629. Those statutes provide complete pre-emption of any state law claims and thus provide a source of federal question jurisdiction for removal. *Id.* at 625. However, unlike those statutes, the "LHWCA contains no civil enforcement provision" nor does it contain a specific jurisdictional grant as do the ERISA and FMLA statutes. *Aaron v. Nat'l Union Fire Ins. Co. of Pittsburg, Pa.*, 876 F.2d 1157, 1165 (5th Cir. 1989). Notably, no party has provided any substantive argument pertaining to whether federal question jurisdiction may be hinged on the LHWCA. It is illuminating that this Court recently observed in another case that, should the LHWCA apply to that plaintiff's claim, "the case must be dismissed because [plaintiff] must seek a remedy for his injury with the Department of Labor." *Demay v. Norfolk S. Ry. Co.*, 4:09CV276 RWS, 2009 WL 1109435, *2 (E.D. Mo. Apr. 24, 2009) *aff'd sub nom. In re Norfolk S. Ry. Co.*, 592 F.3d 907 (8th Cir. 2010). Defendants' sole citation in support of federal question jurisdiction is for the proposition that the "question of whether the LHWCA applies to a work-related injury is exclusively a federal question which Congress never intended for state courts to resolve." *In re CSX Transp., Inc.*, 151 F.3d 164, 167 (4th Cir. 1998). However, in that case, the sole matter for resolution was whether the LHWCA provided coverage to an injured employee; when the answer was *yes*, the Fourth Circuit observed that

> While [plaintiff's] claim arises under the laws of the United States, *see* 28 U.S.C. § 1331, it is not an action over which the district courts have original jurisdiction. An LHWCA claim must be filed with the Department of Labor where it is assigned to an administrative law judge whose decision is reviewed by the Benefits Review Board. 33 U.S.C. §§ 910(a), 921(b). Review by the courts is authorized through a petition for review, which may be filed only in the courts of appeals, not in the district court. 33 U.S.C. § 921(c).

*Id.* at 171.  Here, of course, the matter at hand is a wrongful death claim against defendants plaintiff says is responsible for the death of her son.  The Court does not have subject matter jurisdiction over that claim unless diversity jurisdiction is present.

As for diversity jurisdiction, first, defendants argue that because complete diversity existed at the time of removal, this Court retains subject matter jurisdiction even if plaintiff is allowed to add a non-diverse defendant.  Defendants misunderstand the application of the rule they cite.  As discussed in the preceding section, the removal statute itself states, "If after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court." 28 U.S.C. § 1447(e).  Defendants rely on caselaw that does not speak to attempts to add defendants after removal; rather, defendants' authority refers to determinations of diversity of citizenship before removal occurred.  *See, e.g.*, *Knudson v. Sys. Painters, Inc.*, 634 F.3d 968, 975 (8th Cir. 2011); *Blakemore v. Missouri Pac. R. Co.*, 789 F.2d 616, 618 (8th Cir. 1986).

Because the Court determined that justice requires that plaintiff be allowed to re-join Oakley Missouri to her lawsuit, complete diversity of citizenship is no longer present, and the Court must remand this matter to the Circuit Court of Mississippi County, Missouri.

**IV.    Conclusion**

Plaintiff's motions to amend and remand will be granted.

Dated this __15th__ day of January, 2014.

_____
STEPHEN N. LIMBAUGH, JR.
UNITED STATES DISTRICT JUDGE